# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DAVID ALLEN HIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-404-W-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff David Allen Hixon petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The administrative law judge ("ALJ") found he had multiple severe impairments including degenerative disc disease, history of shoulder dislocation, and left ankle fracture, but retained the residual functional capacity ("RFC") to perform work as a food and beverage order clerk or a document preparer. The ALJ thus found him not disabled.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on March 20, 2010, alleging a disability onset date of December 15, 2008, and a last-insured date of September 30, 2013. After the Commissioner denied his application, the Court remanded to the Commissioner to discuss a Missouri

Department of Social Services determination. *Hixon v. Colvin*, No. 4:12-CV-1288-DGK-SSA, 2013 WL 6502169 (W.D. Mo. Dec. 11, 2013).

Taking another look at Plaintiff's application, the ALJ considered 2014 and 2015 opinions by treating physician Samuel Brewster, M.D. ("Dr. Brewster"), that Plaintiff, in an eight-hour workday, could walk for only one hour, R. at 851, and could never operate foot controls, R. at 852, or tolerate exposure to unprotected heights or moving mechanical parts, R. at 854. *See generally* R. at 850–56. The ALJ gave little weight to Plaintiff's subjective complaints, finding him incredible. R. at 596, 599.

On the other hand, non-examining, non-treating state agency physician Denise Trowbridge, M.D. ("Dr. Trowbridge"), reviewed Plaintiff's file and concluded that Plaintiff could walk up to two hours in an eight-hour workday. R. at 272.

From this record, the ALJ concluded Plaintiff had the RFC to walk up to two hours per workday. R. at 597; *see* 20 C.F.R. § 404.1567(a); SSR 96-6p, 1996 WL 374185, at *3 (July 2, 1996). The ALJ found Plaintiff must "avoid" exposure to dangerous machinery and unprotected heights. R. at 597. The ALJ did not assign a restriction on Plaintiff's ability to operate foot controls. *See* R. at 597.

Identifying jobs Plaintiff could work with his RFC, the ALJ issued another unfavorable decision. R. at 602. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial

evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 872, 876 (8th Cir. 2016). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: "(1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment; (4) he could perform past relevant work; and if not, (5) if he could perform any other kind of work." *Chaney*, 812 F.3d at 676. For Title II benefits, the relevant timeframe for this inquiry is the onset date to the last-insured date. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

Plaintiff makes two arguments on appeal. First, he argues that in formulating his RFC, the ALJ improperly neglected certain of his limitations. Second, he argues the ALJ improperly discounted his credibility.

## I. The ALJ's selection of jobs for Plaintiff is supported by substantial record evidence.

Plaintiff's first argument is that the ALJ did not give proper weight to Dr. Brewster's opinions, resulting in an RFC formulation unsupported by substantial record evidence. Plaintiff complains about three findings by Dr. Brewster that the ALJ supposedly disregarded.[1]

### A. The ALJ fairly relied on Dr. Trowbridge's opinion to conclude Plaintiff could walk up to two hours per workday.

Based on Dr. Trowbridge's opinion, the ALJ found Plaintiff had the RFC to walk two hours per workday, and assigned Plaintiff prospective jobs consistent with that limitation. Plaintiff argues these findings are not supported by substantial record evidence, because Dr. Brewster found Plaintiff can walk only *one* hour per workday. The issue is whether the ALJ appropriately followed Dr. Trowbridge's opinion over Dr. Brewster's.[2]

A claimant's RFC is the most he can do despite his limitations. *Hensley v. Colvin*, — F.3d —, 2016 WL 3878219, at *3 (8th Cir. 2016). "The RFC must (1) give appropriate consideration to all of [the claimant's] impairments, and (2) be based on competent medical evidence establishing the physical and mental activity that the claimant can perform in a work setting." *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016) (alteration in original). Because the ALJ must evaluate the record as a whole, a "treating physician's opinion is not automatically controlling, and may be discredited when other medical opinions are supported by better medical evidence or when the physician gives inconsistent opinions." *Turpin*, 750 F.3d at 994.

That is exactly the case here: Dr. Trowbridge penned a better-reasoned opinion that Dr. Brewster did. The Court starts with Dr. Brewster's 2015 narrative opinion. The ALJ fairly

---

[1] The record contains other findings by Dr. Brewster, but these are the only ones that (1) Plaintiff places at issue on this appeal, and (2) conflict with the ALJ's RFC finding.

[2] Plaintiff concedes "[t]he only other opinion evidence as to Plaintiff's functional limitations is that of Dr. Denise Trowbridge" (Doc. 9 at 18).

4

disqualified that opinion because Dr. Brewster penned it after Plaintiff's date of last insured of September 30, 2013, and exclusively concerned injuries and limitations resulting from a fall that occurred in March 2014. R. at 856; *see Ponder v. Colvin*, 770 F.3d 1190, 1194 (8th Cir. 2014) (affirming a denial of disability insurance benefits where the claimant's allegedly disabling conditions did not arise until the year after her date of last insured, and where she specifically denied some of the conditions during the insured period).

That leaves Dr. Brewster's 2014 checkbox form. As between his checkbox form and Dr. Trowbridge's, the ALJ appropriately gave deference to the latter because only Dr. Trowbridge appended notes to her opinion. R. at 276; *see Culbertson*, 30 F.3d at 939 & n.5 (endorsing partial rejection of an opinion by a treating physician who did not supplement his report with treatment notes). Dr. Trowbridge's treatment notes, moreover, explicitly applied to Plaintiff's condition before his last-insured date. *See Prew v. Chater*, 89 F.3d 841, 1996 WL 227253, at *1 (8th Cir. 1996) (table decision) (endorsing rejection of a treating physician's opinion that was "unsupported by medical records contemporaneous to [the claimant]'s last insured date").

Further, before completing his checkbox form, Dr. Brewster had never mentioned Plaintiff having any walking difficulties. *E.g.*, R. at 759 (listing no musculoskeletal issues with walking), 760 ("Gait And Stance: Normal"), 761 (neglecting to mention walking difficulties under Plaintiff's "complaints"); *see Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (finding an ALJ appropriately discounted a medical opinion assigning significant limitations that were not reflected in any other notes or records). At most, Dr. Brewster mentioned Plaintiff reported pain in his legs—which were "feeling much better with" a certain medication. R. at 755, 759. This improvement undercuts Dr. Brewster's later, more restrictive checkbox form,

5

which postdated Plaintiff's last-insured date. *See Mabry*, 815 F.3d at 391–92 ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

Because Dr. Trowbridge's opinion was better supported than Dr. Brewster's when it comes to Plaintiff's ability to walk, the ALJ surmounted the presumption that treating physicians' opinions receive controlling weight. Dr. Trowbridge opined that Plaintiff could walk up to two hours in an eight-hour workday, and the ALJ's RFC formulation and choice of jobs reflects that limitation, so the ALJ did not err in formulating Plaintiff's walking RFC.

> **B. Any error in finding Plaintiff could perform work involving foot controls, unprotected heights, or moving machinery was harmless because the ALJ did not select jobs requiring such involvement.**

Dr. Brewster also found that Plaintiff can never operate foot controls, and can never tolerate exposure to unprotected heights or moving machinery. R. at 852, 854. The ALJ did not include these limitations in his RFC finding. Plaintiff argues this was error.

Of the two jobs the ALJ selected for Plaintiff, neither requires him to operate foot controls or tolerate exposure to unprotected heights or moving machinery. *Compare Dictionary of Occupational Titles*, § 249.587-018, 1991 WL 672349 (4th ed. rev. 1991) (document preparer) *and id.* § 209.567-014, 1991 WL 671794 (food and beverage order clerk), *with, e.g., id.* § 196.263-014, 1991 WL 671610 (commercial airline pilot position, which requires foot-controls use) *and id.* § 730.381-046, 1991 WL 679767 (pipe-organ installer position, which requires hazardous-machinery tolerance).

Therefore, assuming the ALJ erred by failing to include these limitations in his RFC finding, the error was harmless. *See Buckler v. Bowen*, 860 F.2d 308, 311 (8th Cir. 1988) ("Neither expert considered Buckler's inability to operate left foot controls; however, none of the jobs listed by the experts appears to require such an ability. Accordingly, remand is unnecessary . . . ."); *Hensley*, 2016 WL 3878219, at *4 (condoning harmless error where an ALJ found the

claimant could not climb, yet asked a vocational expert to assume a worker who could climb, because the jobs selected by the ALJ did not require climbing).[3] This ground for remand is denied.

### II. Plaintiff's credibility argument rests on the flawed premise that the ALJ considered only the absence of objective medical evidence.

The ALJ partially rejected Plaintiff's subjective complaints as incredible. R. at 596, 599. Plaintiff claims this was error.

"Assessing and resolving credibility is a matter properly within the purview of the ALJ." *Chaney*, 812 F.3d at 676. In making this determination, the ALJ must take into account all record evidence, including the medical evidence. *Wright*, 789 F.3d at 853. The court must "defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Hensley*, 2016 WL 3878219, at *5.

Plaintiff argues "[t]he ALJ's credibility determination is based solely on a purported lack of objective medical evidence" (Doc. 9 at 24), but that is simply incorrect. The ALJ offered plural reasons for discounting Plaintiff's credibility, including the lack of objective medical evidence and the fact that Plaintiff received only conservative treatment. R. at 596, 599; *see Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (requiring ALJs to consider "the absence of objective medical evidence" in evaluating claimant credibility); *id.* at 524–25 (approving the rejection of subjective complaints lodged by a claimant who received only conservative, successful medical treatment).

---

[3] Plaintiff claims that at Step Five, it is the Commissioner who bears the burden of persuasion (Doc. 13 at 2 (citing *Brock v. Apfel*, 118 F. Supp. 2d 974, 977 (W.D. Mo. 2000)). This is incorrect. The Commissioner has the burden of producing evidence that the claimant can perform other jobs, but "the burden of persuasion to prove disability and to demonstrate RFC *remains on the claimant*, even when the burden of production shifts to the Commissioner at step five." *Hensley*, 2016 WL 3878219, at *3 (emphasis added).

7
Case 4:15-cv-00404-DGK   Document 14   Filed 09/12/16   Page 7 of 8

Because Plaintiff does not explain why these reasons cannot justify the ALJ's disbelief of his testimony, the Court rejects this ground. *See Hensley*, 2016 WL 3878219, at *5; Fed. R. Civ. P. 7(b)(1)(B).

The Court has considered Plaintiff's remaining, scattershot contentions of error, and finds them to be without merit.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title II benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 12, 2016   /s/ Greg Kays
 GREG KAYS, CHIEF JUDGE
 UNITED STATES DISTRICT COURT